UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH ROBERTS                                   CIVIL ACTION

versus                                           NO: 05-1894-ILRL-SS
                                                 c/w 05-4179
SOUTH CENTRAL BELL TELEPHONE COMPANY             REF. BOTH CASES

## ORDER

Before the Court are Defendant, BellSouth's Motion for Summary Judgment (Rec. Doc. No. 57) and Defendant, Ryder's Motion for Summary Judgment (Rec. Doc. No. 63). For the following reasons,

IT IS ORDERED that both motions are **DENIED**.

## Background

Joseph Roberts and Robert Matthew Gray ("Plaintiffs") filed suit for injuries sustained as a result of falling approximately twenty feet off and out of a lifting device fashioned to a forklift, owned by Defendant, Ryder, while performing plumbing repairs at a warehouse leased by Defendant, BellSouth (Rec. Doc. No. 1 at ¶5). Owen M. Gray Ltd., Plaintiffs' employer, contracted with the owner of the building, who is not a party to the present suit, to perform repairs on elevated gas lines at the facility. (Rec. Doc. No. 63 at 2). On the day of the accident, Plaintiffs requested permission from Deannie Terminie-Ross, the logisitics manager employed by Ryder at the facility, to use the forklift in performing work on the gas lines. (Rec. Doc. No. 57 at Exhibit B, p. 30). Prior to consenting, Ms. Ross called Richard Chauvin, the manager for supply chain operations employed by BellSouth, to ask his opinion. *Id.* at 43. After Mr. Chauvin consented, Ms. Ross approved Plaintiffs' use of the forklift. *Id.*

After receiving permission to use the forklift, Plaintiffs proceeded to be lifted to the gas lines near the ceiling in an inventory basket, owned by BellSouth, which was either attached to

or resting on the blades of the forklift. (Rec. Doc. No. 1 at ¶5). At some point during their work on the gas lines, the basket toppled over and Plaintiffs fell twenty feet to the ground, sustaining injuries. *Id.* Plaintiffs assert that Defendants were negligent in (1) failing to provide Plaintiffs with a safe place to work, (2) failing to properly train their employees in the safe operation of their equipment and other personnel for the assigned task, (3) failing to properly equip the forklift with a safe basket for lifting personnel, (4) failing to properly secure the basket to the forklift, (5) failing to warn Plaintiffs of the defective forklift and basket, and (6) failing to have properly trained personnel to supervise the activities on the premises. (Rec. Doc. No. 1 at ¶6).

**Law and Analysis**

I.      Motion for Summary Judgement

    A.    STANDARD OF REVIEW

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)). *See also* Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial. Webb v. Cardiothoracic Surgery Associates of North Texas, 139 F.3d 532, 536 (5th Cir. 1998). The non-movant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. Travelers Ins.

Co. v. Liljeberg Enter., Inc., 7 F.3d 1203, 1207 (5th Cir. 1993).

  B. ISSUES OF MATERIAL FACT ARE DISPUTED

  Defendant, BellSouth, as lessee of the facility, qualifies as a custodian of the premises while Plaintiffs, who contracted with the owner of the building to perform repairs, qualify as invitees.[1] As a result, BellSouth owed Plaintiffs a duty to keep the premises in a reasonably safe condition, including the duty to discover and protect against foreseeable dangers. *Stoute v. Mobil*, 297 So. 2d 276, 280 (La. App. 3rd Cir. 1974). BellSouth claims that "[t]he forklift/inventory basket combination used by Plaintiffs was not a foreseeable risk for which BellSouth had a duty to prevent" because it did not know, nor did it have any reason to know that Plaintiffs would use the equipment in such an unorthodox manner. (Rec. Doc. No. 57 at 8). Moreover, Defendant claims that the accident was not the result of a dangerous condition reasonably discoverable by BellSouth because Plaintiffs, themselves, created the danger by improperly using the equipment. *Id.*

  Similarly, Defendant, Ryder, as a custodian having supervision, control, and ownership of the forklift, had a duty to prevent it from causing damage to others. *Willard v Board of Commissioners of the Port of New Orleans*, 2003 WL 1733552 *2 (E.D. La. 2003) *citing King v. Louviere*, 543 So. 2d 1327, 1329 (La. 1989). Ryder asserts that because it loaned a defect-free forklift to Plaintiffs, which they subsequently misused, Ryder is not liable for any injuries resulting from the use of the forklift. (Rec. Doc. No. 63 at 8).

  Contrary to Defendants' assertions, Plaintiffs claim that both defendants had actual knowledge of Plaintiffs' intent to use the forklift and basket combination as a lifting device to repair

---

[1] *See Dupree v. City of New Orleans*, 765 So. 2d 1002 (La. 2000) (noting that to determine custody of a thing, the following factors should be considered: (1) whether the person bears such relationship as to have direction and control over the thing, and (2) what kind of benefit the person derives from the thing.

the gas lines.  Therefore, Plaintiffs claim that Defendants were negligent for approving the act or, in the very least, for failing to warn Plaintiffs of the dangers inherent in such misuse.

Plaintiffs assert that they "had **no experience** at all with the use and operation of a Ryder forklift and an inventory basket."  (Rec. Doc. No. 76 at 9).  However, Plaintiffs prior use of the forklift with the aid of Larry Butler, an employee of Ryder, on the day before their accident suggests that Plaintiffs were at least minimally familiar with the on-site equipment.  In addition, Curtis Guidry, a co-worker of Plaintiffs and operator of the forklift on the day of the accident, testified that he never operated a forklift prior to operating the Ryder forklift.  *Id.* at Exhibit E.  However, employees of Ryder testified that Guidry represented to them that he knew how to operate forklifts, having done so on prior occasions.  *See, e.g.*, Rec. Doc. No. 63 at 5, n. 11.  Although this testimony may implicate potential hearsay problems, it evidences Defendants' reasonable attempt to satisfy their duty to prevent their equipment from causing damage to others by inquiring into the extent of Mr. Guidry's experience with operating forklifts.

The foregoing facts make summary judgment a close call for the Court at this time.  The evidence presented at this stage suggests comparative fault on the part of Plaintiffs due to their lack of reasonable care and conduct in using the equipment at issue in a reckless manner.  However, Defendants also appear to be at fault if they should have known of Plaintiffs' lack of experience in working with the provided equipment.  Accordingly,

IT IS ORDERED that both motions are **DENIED**.

New Orleans, Louisiana, this 4th day of December, 2006.

IVAN L.R. LEMELLE
UNITED STATES JUDGE